**David REEVES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8611–CR–945.**

Supreme Court of Indiana.

Sept. 25, 1987.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Robbery, a Class A felony. Appellant received a sentence of forty (40) years.

The facts are: On the evening of February 22, 1986, the victim, Meredith Gates, stopped in Gary, Indiana, to visit a friend. As he entered the apartment building where his friend lived, Gates was accosted by appellant and another person. When Gates realized the pair intended to rob him, he attempted to escape; however, he was grabbed and shot in the stomach. Gates then pulled his own gun and shot his assailant in the neck. As Gates again attempted to escape, he was shot in the elbow.

Appellant's sole assignment of error is that Gates became unruly and "was beyond the control of the court or counsel." He claims the trial court erred in refusing to grant a mistrial based upon Gates' conduct.

Under certain conditions, a witness can so conduct himself as to require a new trial. Such a situation most often occurs when a witness uses what we commonly refer to as "an evidentiary harpoon." In such a case, the witness will inject inadmissible evidence in the presence of the jury in such a manner that opposing counsel has no opportunity to object until the damage is done. If the situation is severe, reversible error will result. *See White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312. However, in the case at bar, we see no such damage to appellant.

It is true that Gates was an extremely poor witness. There is no doubt his conduct on the witness stand was frustrating to both the State and the defense as well as to the trial judge. Time after time the trial judge was required to admonish the witness to answer the questions and to refrain from volunteering statements. However, we see nothing in any of Gates' remarks which could be construed as the injection of inadmissible evidence into the record and which could be considered to be detrimental to appellant.

In each instance he was promptly and properly admonished by the trial judge. We see nothing in this record which would warrant a reversal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.